FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D2024-1756
_____


IVERE LEE HUGGER, III,

Appellant,

v.

STATE OF FLORIDA,

Appellee.


_____


On appeal from the Circuit Court for Taylor County.
Gregory Parker, Judge.

January 28, 2026


PER CURIAM.

Ivere Lee Hugger, III, appeals his judgment and sentence for robbery while armed with a firearm. While his appeal was pending, Hugger moved to correct a sentencing error under Florida Rule of Criminal Procedure 3.800(b), claiming that his sentence as a prison releasee reoffender (PRR) is unconstitutional. Hugger asserted that the trial court committed an *Alleyne** error when it

_____

* *Alleyne v. United States*, 570 U.S. 99, 114–15 (2013) (reaffirming that "[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily

made the factual determination necessary to establish his PRR status—specifically, that he committed the robbery within three years of his release from a prior term of imprisonment. The trial court denied Hugger's motion. We affirm, concluding that any error here was harmless beyond a reasonable doubt.

"A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred . . . ." § 924.051(3), Fla. Stat. The error alleged here is harmless if the record establishes beyond a reasonable doubt that "a rational jury," if properly instructed, "would have found" the fact necessary to qualify Hugger for the sentencing enhancement. *State v. Manago*, 375 So. 3d 190, 199 (Fla. 2023) (quoting *Williams v. State*, 242 So. 3d 280, 290 (Fla. 2018) (setting forth the harmless error test for *Alleyne* violations)). When applying this standard, we consider "the weight of the evidence in the record, including credibility concerns, and any conflicting evidence" that bears on the fact in question. *Manago*, 375 So. 3d at 199.

On this record, there can be no reasonable doubt that Hugger qualified for sentencing as a PRR. The State introduced a certified copy of the Department of Corrections Crime and Time Report, showing that Hugger was released from prison less than twenty-seven months before he committed the robbery in this case. Defense counsel also stipulated that Hugger qualified as a PRR.

Based on the uncontroverted evidence, any error in not submitting the PRR determination to a jury was harmless beyond a reasonable doubt. *See Jett v. State*, 50 Fla. L. Weekly D2604 (Fla. 1st DCA Dec. 10, 2025); *Hicks v. State*, 50 Fla. L. Weekly D2238 (Fla. 1st DCA Oct. 15, 2025); *Dowdell v. State*, 50 Fla. L. Weekly D2236 (Fla. 1st DCA Oct. 15, 2025); *McGlaun v. State*, 420 So. 3d 634, 636 (Fla. 1st DCA 2025); *see also Neder v. U.S.*, 527 U.S. 1, 19 (1999) ("[W]here a defendant did not, and apparently could not,

---

forms a constituent part of a new offense and must be submitted to the jury").

bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee.").

The judgment and sentence are AFFIRMED.

LEWIS, ROWE, and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Miranda Lee Butson, Assistant Attorney General, Tallahassee, for Appellee.

3